FILED
United States Court of Appeals
Tenth Circuit

January 9, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EULENE NAIFEH,

Plaintiff-Appellant,

v.

IDEAL HOMES OF NORMAN, L.P.,

Defendant-Appellee.

No. 07-6085
(D.C. No. 06-CV-00441-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **McKAY**, and **ANDERSON**, Circuit Judges.

Eulene Naifeh worked as a New Home Consultant for Ideal Homes of

Norman, L.P., until her employment was terminated in April 2005.  Ms. Naifeh

brought an action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§§ 2000e-2000e-17; the Age Discrimination in Employment Act, 29 U.S.C.

§§ 621-634; the Equal Pay Act, 29 U.S.C. § 206(d); and Oklahoma law.  The

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

district court granted summary judgment to Ideal on all claims, and Ms. Naifeh appealed. We have jurisdiction under 28 U.S.C. § 1291. Having reviewed the district court's grant of summary judgment de novo, *see Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 725 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 2883 (2007), we AFFIRM.

Ms. Naifeh contends that the district court erred in granting Ideal's summary judgment motion without first ruling on her motion to compel, which had been pending for over six weeks at the time the district court ruled on the summary judgment motion. She argues that, had she known that the district court would not compel production of the requested documents, she could have sought a continuance under Federal Rule of Civil Procedure 56(f).

Summary judgment is inappropriate when a party has not had adequate opportunity to pursue discovery. *See Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). The Federal Rules of Civil Procedure, however, have anticipated such a situation. Rule 56(f) allows a court to refuse summary judgment or grant a continuance if a party shows, by affidavit, why she cannot present evidence in opposition to a motion for summary judgment. The district court's failure to rule on the motion to compel did not prevent Ms. Naifeh from seeking Rule 56(f) relief. In responding to Ideal's summary judgment motion, she did not alert the district court to her purported need for the evidence she sought to compel. Her response brief did not allude to the motion to compel or otherwise

invoke the protection of Rule 56(f), and she did not file a Rule 56(f) affidavit explaining her need for further evidence.  Instead, she responded on the merits.  Consequently, she cannot now claim that she did not have sufficient opportunity to gather evidence.  "Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of discretion in granting summary judgment if it is otherwise appropriate."  *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 832-33 (10th Cir. 1986).  "[A] party ordinarily may not attempt to meet a summary judgment challenge head-on but fall back on Rule 56(f) if its first effort is unsuccessful."  *Been*, 495 F.3d at 1235 (quotation omitted); *see also Hackworth*, 468 F.3d at 732 ("A nonmoving party wishing to invoke the protections of Rule 56(f) must attempt to do so by submitting an affidavit in direct response to a motion for summary judgment, not following the district court's disposition of that motion.").

Ms. Naifeh also argues that the district court erred in denying the motion to compel and in granting summary judgment to Ideal on all of her claims.  We disagree, and we affirm the district court's decisions for substantially the reasons expressed in the district court's memorandum opinion and order dated March 8, 2007.

The judgment of the district court is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge